# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ALLAN COSME RIVERA<br>    Defendant. | CRIMINAL NO. 17-551 (FAB) |

## OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Allan Cosme Rivera through the undersigned attorney, and pursuant to Fed.R. Crim.P. 32 (f)(1)&(2), respectfully objects to portions of the Pre-Sentence Report filed on June 21, 2018, (D.E. 45)[1], and the Amended Pre-Sentence Investigation Report filed on June 28, 2018, (D.E. 46).

The defense objection stems from page 7, paragraph 22: Adjustment for Role in the Offense:

> 22. **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 922(a)(1)(A) is found in § 2K2.1(a)(4)(B) of the guidelines. Because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time he committed the instant offense, the base offense level is 20.    **20**

The defense objects to classifying Mr. Cosme-Rivera as a prohibited person at the time of the instant offense, because there is no evidence that he meets the legal definition of an "unlawful user of controlled substances," as required for this enhancement to apply.

The federal Sentencing Guidelines, pursuant to 2K2.1(a)(4)(B), require a Base Offense Level of 20, when:

> the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a); and (ii) defendant (I) was a prohibited person **at the time the defendant committed the instant offense**; (II) is

---

[1] Informal Objections were delivered, via electronic mail, to Assistant U.S. Attorney Marie Cristine Amy, and U.S. Probation Officer Michelle Acevedo, on June 21, 2018.

convicted under 18 U.S.C. § 922(d); or (III) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person.

The Guidelines define "prohibited person" as any person described in 18 U.S.C. § 922(g) or (n). *Id.* § 2K2.1 cmt. n. 3. Section 922(g)(3), applicable here, bars firearm possession by a person "who is an unlawful user of ... any controlled substance." 18 U.S.C. § 922(g)(3).

The First Circuit has held that the term "unlawful user" in section 922(g)(3) "requires a 'temporal nexus between the gun possession and regular drug use.'" *United States v. Marceau,* 554 F.3d 24, 30 (1st Cir.2009) (citing *United States v. Edwards,* 540 F.3d 1156, 1162 (10th Cir.2008)). Thus, "an 'unlawful user' is one who engages in '[(1)] regular use [(2)] over a long period of time [(3)] proximate to or contemporaneous with the possession of the firearm.'" *Id.* (citing *United States v. McCowan,* 469 F.3d 386, 392 n. 4 (5th Cir.2006)).

The offense conduct in this case occurred on April 11, April 25, and April 27, 2017. Mr. Cosme-Rivera was arrested on February 9, 2018— almost 10 months later. There is scant evidence that Mr. Cosme-Rivera is a regular user of drugs, but more importantly, there is no evidence that he was using drugs *regularly* between April 11 and April 27, 2017, as required for the enhancement to apply.

There is no mention, or evidence, of drug use in the discovery provided by the government. He was not charged with being a drug user in possession of a firearm, and the Base Offense Level agreed to by the parties in the Plea Agreement does not contemplate the drug user enhancement.

While prior drug use was discussed in the PSI interview conducted on May 23, 2018, there was no discussion of what drug use, if any, he engaged in between April 11 and April 27, 2017. Moreover, the allegations in the pretrial bail report, of his reported drug use, are not reliable. The pretrial bail report claims that Mr. Cosme-Rivera admitted to smoking marijuana on a daily basis since the age of 14, and that he consumed "up to six Percocet pills daily and would often dissolve a suboxone strip in his mouth." The report goes on to allege that Mr. Cosme-Rivera last consumed Percocet and suboxone the day before his arrest. Despite this alleged heavy use of

Percocet and suboxone, when drug tested after his arrest, he only tested positive for marijuana.

Similarly, his mother's statement, as reported in the PSR, that she "would find pills in the defendant's pants when she did laundry," is irrelevant. There is no indication whether these pills were controlled substances. They could have been intended for a number of innocent and legal reasons. As noted in the PSR, Mr. Cosme-Rivera suffers from scoliosis, underwent spinal cord surgery in 2010, and has a history of being prescribed pain medication.

**WHEREFORE**, the defense objects to Mr. Cosme Rivera's Base Offense Level being set at 20, and respectfully request the Court set his Base Offense Level at 12, and that his total adjusted offense level and guideline imprisonment range, on page 13, paragraph 68, be adjusted according.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, July 4, 2018.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**

*S/Juan J. Michelen*
Juan J. Michelen
Assistant Federal Public Defender
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2305
Phone No. (787) 281-4922
Fax No. (787) 281-4899
Email: juan_michelen@fd.org